IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SONJALA L. JOHNSON, )
)
    Plaintiff, ) CIVIL ACTION
)
v. ) No. 09-2582-KHV
)
UNITES STATES DEPARTMENT OF HOUSING )
AND URBAN DEVELOPMENT, HERMAN S. )
RANSOM and ROGER E. NIESEN, )
)
    Defendants. )
_____)

**MEMORANDUM AND ORDER**

On April 7, 2010, the Court sustained defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. See Order (Doc. #21). The Court held that defendants' motion was uncontested and well taken on the merits. See id. This matter is before the Court on plaintiff's Motion For Reconsideration (Doc. #23) filed April 12, 2010.

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver

v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

In her motion to reconsider, plaintiff states that she could have been injured from water leaking into a lightbulb had she turned on the switch. Plaintiff does not address the issues in defendants' motion to dismiss including subject matter jurisdiction or failure to state a claim. Moreover, plaintiff does not explain why she did not file a timely response to defendants' motion to dismiss. Because plaintiff's motion to reconsider does not address these issues or any of the recognized grounds for reconsideration (change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice), the Court overrules the motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Reconsideration (Doc. #23) filed April 12, 2010 be and hereby is **OVERRULED**.

Dated this 10th day of May, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge