IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SONJALA L. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 09-2582-KHV |
| ) | |
| UNITES STATES DEPARTMENT OF HOUSING ) | |
| AND URBAN DEVELOPMENT, HERMAN S. ) | |
| RANSOM and ROGER E. NIESEN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On April 7, 2010, the Court sustained defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. See Order (Doc. #21). The Court held that defendants' motion was uncontested and well taken on the merits. See id. On May 10, 2010, the Court overruled plaintiff's Motion For Reconsideration (Doc. #23). See Memorandum And Order (Doc. #26). This matter is before the Court on plaintiff's letter (Doc. #27) filed May 25, 2010 which the Court construes as a motion to reconsider the order which overruled plaintiff's first motion to reconsider.

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v.

Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

In her motion, plaintiff states that she did not address the issues in defendants' motion to dismiss (including subject matter jurisdiction and failure to state a claim) because her focus was on her safety and well being. Plaintiff also states that the day after she filed her motion to reconsider, someone threatened her by arranging for the gas company to dig up gas pipes by her mother's house and that she has had various housing issues since December of 2009. Plaintiff again does not address the substantive merits of defendants' motion to dismiss or explain why she did not file a timely response to defendants' motion. Because plaintiff's motion does not address these issues or any of the recognized grounds for reconsideration (change in controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice), the Court overrules the motion.

**IT IS THEREFORE ORDERED** that plaintiff's letter (Doc. #27) filed May 25, 2010, which the Court construes as a motion to reconsider the order which overruled plaintiff's first motion to reconsider, be and hereby is **OVERRULED**.

Dated this 6th day of July, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge